PAUL EGHIGIAN of the State of Michigan, doing business as VERMONT TOOL & MANUFACTURING COMPANY, in the City of Detroit, Michigan, v. E. M. RICE.

34 So. (2nd) 432                                    January Term, 1948
March 16, 1948                                    Special Division B

*Donald Walker,* for appeallant.

*J. Thomas Gurney* and *Joseph P. Lea, Jr.,* for appellee.

JACKSON, Associate Justice:

Plaintiff in count one of the declaration sues the defendant for the return or refund of $1,000.00 alleged to have been paid by the plaintiff on the purchase of a No. 2 Universal Cutting Machine.

Plaintiff in count two of the declaration sues the defendant and avers an oral agreement alleged to have been entered into between the parties herein, whereby plaintiff seeks to recover for materials and labor furnished in an attempt to rebuild the said Universal Cutting Machine. It is not necessary as this time to set forth the other counts of the declaration.

The defendant in his pleas to count one denies the alleged agreement and in substance pleads a confession and avoidance, and avers facts similar to those pleaded by the defendant by way of counterclaim. Defendant also pleaded "never promised as alleged" and "non assumpsit." The defendant's pleas to count two of the declaration deny the oral agreement and the agreement to furnish labor and materials in an attempt to rebuild the cutting machine.

The defendant also filed counterclaim in this cause against the plaintiff in several counts in which it is substantially alleged that defendant had developed and patented a certain Universal abrasive cutting machine, made for the specific purpose of cutting steel rods of small diameter; that he was contacted by a representative of the United States Government, Naval Ordinance Department, with the request that the defendant come to Detroit to explain the operation of the machine to a prospective purchaser who supposedly had a contract with the War Department for cutting steel casings in making rockets; at Detroit defendant advised plaintiff that the machine as then made and built was designed and built for the purpose of cutting small steel rods, but that the machine, if properly re-tooled, could and would cut five-inch steel tubing as desired; that the plaintiff agreed to purchase the machine for $4,800.00, $1,000.00 down and the balance of $3,800.00 to be paid when the plaintiff had properly re-tooled the machine according to specifications given by defendant; that plaintiff failed to retool the machine according to specifications or advice of defendant, etc.; hence, the plaintiff became obligated to pay the balance due on the purchase price of the machine. To the counts of the counterclaim the plaintiff pleaded that "he did not promise as alleged," "non assumpsit" and "never was indebted as alleged."

At the close of the case and before the jury retired, defendant moved the Court for a directed verdict as to the count two of plaintiff's declaration, which motion was granted by the trial Court. The case was submitted to the jury after hearing the charges of the Court and the jury returned a verdict in favor of the defendant on his counterclaim.

■ The first question before the Court on appeal is "Did the Court err in directing a verdict for the defendant on the second count of plaintiff's amended declaration wherein plaintiff claims as an element of damages labor performed and materials furnished and used in an attempt to re-tool the machine in question?"

At the time and place of the delivery of the machine it does not appear from the record before the Court that there was any binding agreement between the parties which would

obligate the defendant to pay for labor and materials. It does appear from the record, however, that the time of and after delivery of the machine certain specifications, advice and directions were given by the defendant for putting the machine in working order. From a close perusal of the record we fail to find in these directions the element of certainty to create a valid and binding contract which would obligate the defendant to pay for the re-tooling job. It is indefinite as to consideration and as to other essentials that must be definitely agreed upon to make the contract complete. A statement that certain conversions should be made on a machine, or the giving of directions or offer of assistance, to make the mechanical device properly function, is not essentially a promise to pay for labor and materials, which would create a contractual obligation.

We are of the opinion that the trial Court did not err in directing a verdict as to the second count of plaintiff's declaration.

■ The next questions respectively urged by appellant have reference to portions of the Court's charges and to certain charges requested by appellant and denied by the trial Court.

In determining the sufficiency of charges, the charges given must be considered as a whole, and if the charges sufficiently apprise the jury of their providence under the issues, so that they can fairly and impartially arrive at a verdict, the charges should be considered ample.

We can find no error in the charges that would be prejudicial. McDonald v. Stone, et al., 114 Fla. 608, 154 So. 327.

As regards the requested charges which were denied and assigned as error, we are of the opinion that the trial judge did not abuse his discretion in denying said charges.

It will also be observed from the record in this case that the attorneys for the respective parties explained the issues to the jury.

No reversible error being made to appear, the judgment appealed from is affirmed.

THOMAS, C. J., ADAMS, and BARNS, JJ., concur.